**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Sara M. Mohamed, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 26 CV 2696 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| Markwayne Mullin, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff seeks an order compelling Defendants to adjudicate her Form I-485 application, *see* [1]. Defendants have moved to dismiss for lack of jurisdiction, *see* [10]. Because this Court agrees that it lacks jurisdiction, the Court grants Defendants' motion [10] and dismisses the complaint, and this case, without prejudice. Civil case terminated.

## STATEMENT

Plaintiff Sara M. Mohamed, a native and citizen of Sudan, applied for asylum in the United States on July 1, 2019. [1] ¶¶ 13, 14. The Chicago Asylum Office approved her application on February 22, 2024. *Id.* ¶ 15. On November 19, 2024, she applied for an adjustment of status as an asylee to lawful permanent residency. *Id.* ¶ 16. That application, filed on Form I-485, remains pending. *Id.* ¶¶ 19–21. As a result, on March 10, 2026, Plaintiff sued under the Administrative Procedure Act, seeking to compel Defendants to act on her application. Plaintiff alleges that the delay in processing her Form I-485 remains "unreasonable per se" and "outside of USCIS's posted processing times." *Id.* ¶¶ 18, 23, 26. In her complaint and petition for a writ of mandamus, she seeks an order compelling Defendants "to perform their duty or duties to adjudicate the application for adjustment of status." *Id.* at 6.

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), [10], arguing that § 1252(a)(2)(B)(ii)'s jurisdictional bar applies to Plaintiff's unreasonable-delay claim. *See* [10], [11]. Because Defendants' motion raises a facial challenge to the Court's subject matter jurisdiction, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in Plaintiff's favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). To survive the motion, Plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Initially, mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 908 (N.D. Ill. 2024) (quoting *United States v. Henderson*, 915 F.3d 1127, 1132 (7th Cir. 2019); *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). Additionally, where, as here, the relief sought via mandamus remains duplicative of that sought under the APA, the mandamus claim is normally dismissed. *Ebrahimi*, 732 F. Supp. 3d at 908 (citing *Kaur v. Mayorkas*, No. 22 CV 4514, 2023 WL 4899083, at *13 (S.D.N.Y. Aug. 1, 2023); *Antonishin v. Keisler*, 627 F. Supp. 2d 872, 879–80 (N.D. Ill. 2007); *Holasek v. U.S. Dep't of Justice*, 123 F. Supp. 2d 1126, 1129 (N.D. Ill. 2000)). The Court thus considers Plaintiffs' claim within the context of the APA.

The Administrative Procedure Act mandates that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," and grants the federal courts the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA authorizes suit by any person suffering a legal wrong because of an agency's action or failure to act, including the agency's failure to act within a reasonable time. 5 U.S.C. §§ 551(13), 555(b), 702, 706(1); *Norton v. S. Utah Wilderness Alliance (SUWA)*, 542 U.S. 55, 61–62 (2004); *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003). "Failures to act are sometimes remediable under the APA, but not always." *SUWA*, 542 U.S. at 61. The APA allows a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *SUWA*, 542 U.S. at 62; *Mashpee Wampanoag*, 336 F.3d at 1099. But the APA "does not apply when: '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'" *Su v. United States Citizenship & Immigr. Servs.*, No. 2:25-CV-541-PPS-AZ, 2026 WL 1162695, at *2 (N.D. Ind. Apr. 29, 2026) (quoting 5 U.S.C. § 701(a)).

Here, § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." The statute governing Plaintiff's application for adjustment of status falls within this jurisdiction-stripping provision, as it provides that Plaintiff's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe . . . ." 8 U.S.C. § 1255(a). And the Supreme Court "has 'repeatedly observed' that 'the word "may" *clearly* connotes discretion.'" *Biden v. Texas*, 597 U.S. 785, 802 (2022) (quoting *Opati v. Republic of Sudan*, 590 U. S. 418, 428 (2020)). *See also Jarrar v. Noem*, No. 25 C 5216, 2025 WL 3653700, at *1 (N.D. Ill. Dec. 16, 2025) (dismissing similar claims for lack of jurisdiction based upon § 1252(a)(2)(B)(ii)).

2

As for Plaintiff's suggestion that her claim may proceed because she seeks relief for inaction, not a review of any action, *Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024), reh'g denied, No. 23-3220, 2024 WL 3683115 (7th Cir. Aug. 6, 2024), remains instructive—and dispositive. In that case, the plaintiff applied for a pre-departure waiver of inadmissibility while still in the United States,[1] and, after that application had been pending for 17 months, he sued, seeking an order compelling the agency to act on his application. *Id.* The district court dismissed based upon § 1182(a)(9)(B)(v), which provides, in part, "No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." *Id.* Recognizing that the APA "presumptively allows judicial review of agency inaction," the Seventh Circuit held that "this grant of authority comes with an exception: it does not apply when 'statutes preclude judicial review.' Section 1182(a)(9)(B)(v) does just that, so by its own terms the APA drops out. No review means no review; the statute does not need to list all of the many potential legal theories that are not reviewable." *Id.* at 1273 (citing 5 U.S.C. § 706(1); 5 U.S.C. § 701(a)(1)).

Although *Soni* involved a Form I-601A application, not an I-485 application, the crux of the case remains the same: whether an applicant seeks review of action or inaction, "no review means no review." Recognizing that a 17-month delay is "onerous," the Seventh Circuit nonetheless determined that the problem had to be addressed by the Executive Branch, not the judicial branch; the courts' "duty is to abide by the law as enacted, including the prohibition on judicial review." *Id.*

Because Plaintiffs' complaint fails to state a plausible claim for relief, the Court grants Defendants' motion to dismiss [10] and dismisses the complaint, and this case, without prejudice.

Dated: June 18, 2026

Entered:

John Robert Blakey
United States District Judge

---

[1] Generally, a non-resident unlawfully in the United States who wants to apply for an immigrant visa "must leave the United States and wait abroad for at least ten years." Soni, 103 F.4th at 1272 (citing 8 U.S.C. § 1182(a)(9)(B)(i)(II)). Eligibility for a visa depends upon "admissibility to this nation, 8 U.S.C. §§ 1201(g), 1255(a), and someone subject to the ten-year waiting period is inadmissible." Id. But "a person 'who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence' may obtain a pre-departure waiver [while still in the United States] 'if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien.'" Id. (quoting 8 U.S.C. § 1182(a)(9)(B)(v)).

3